# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1750V

| | |
|---|---|
| MONIQUE COOMBES, | Chief Special Master Corcoran |
| Petitioner, | Filed: October 18, 2024 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA*, for Petitioner.

*Parisa Tabassian, U.S. Department of Justice, Washington, DC*, for Respondent.

### RULING ON ENTITLEMENT[1]

On August 24, 2021, Monique Coombes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received on October 23, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Respondent initially contested entitlement, arguing that the statutory severity requirement was not satisfied (ECF No. 33). On September 24, 2024, I denied Respondent's motion to dismiss, finding that the statutory severity requirement was

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

satisfied by preponderant evidence (ECF No. 36). I also directed Respondent to show cause why I should not find the SIRVA QAI criteria and other requirements for entitlement are satisfied.

On October 18, 2024, Respondent filed an amended Rule 4(c) report in which he concedes that, in light of my ruling on the severity requirement – which he reserves the right to appeal – Petitioner is entitled to compensation in this case. Respondent's Amended Rule 4(c) Report at 1-3. Specifically, Respondent states that he "will not continue to contest that petitioner received a flu vaccine, as alleged, and suffered a SIRVA for at least six months as defined by the Vaccine Injury Table. Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder; the onset of pain occurred within 48 hours after receipt of an intramuscular flu vaccination; the pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's left shoulder pain." *Id.* at 2. Respondent further agrees that the record indicates that Petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id.* at 2-3.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master